## STATE ex SHAFFER v COLE

Ohio Appeals, 9th Dist, Summit Co

No 2768. Decided Dec 17, 1936

I. S. Ballard, Akron, for plaintiff.

Herman E. Werner, Pros. Atty., Akron, and J. W. Harrah, Asst. Pros. Atty., for defendant.

## OPINION

By FUNK, PJ.

This is an action in mandamus, begun in this court, asking that defendant, as clerk of the Court of Common Pleas of Summit county, be required to certify, to the auditor of said county, relator's attendance as a witness before the grand jury of said county, and also in a criminal case before the Common Pleas Court of said county.

The case is before us on its merits on an agreed statement of facts, the pertinent parts of which are substantially as follows:

That relator was, at all times mentioned in the petition, a member of the police force of the city of Akron, Summit County, Ohio; that he was duly subpoenaed to appear and testify before the grand jury of said county pertaining to the crime of burglary and larceny charged against certain persons; that he was also subpoenaed to appear and testify before the Common Pleas Court in a criminal case wherein the defendant was charged with the crime of cutting with intent to kill or wound; that relator did appear in each instance and testified as to said charges at the time and place designated in said subpoenas; that the matters about which he testified consisted of information obtained by him while acting as such police officer in the performance of his duties as such officer; that relator thereafter requested and demanded of the clerk of said court that said clerk certify, to the auditor of said county, the fact of relator's attendance as such witness, as provided by the laws of Ohio; and that defendant, as such clerk, failed and refused, and still does fail and refuse, to so certify relator's attendance as such witness to said auditor.

The sole question for determination is whether or not a police officer of said city of Akron is entitled to witness fees when he appears and testifies before either the grand jury or at a trial of a criminal case in the Common Pleas Court of Summit County, Ohio, in answer to a duly and regularly issued subpoena duly served upon him.

The answer to this question depends upon the construction to be placed upon §3024 GC, which reads as follows:

"No watchman or other police officer is entitled to witness fees in a cause prosecuted under a criminal law of the state, or an ordinance of a city before a police judge or mayor of such city, justice of the peace, or other officer having jurisdiction in such causes."

It is conceded that relator, although a policeman, is entitled to witness fees and to have the prayer of his petition granted unless prevented by the provisions of said §3024 GC; and that if relator is entitled to witness fees as such policeman, it is the duty of the clerk of courts, under the provisions of §3024 GC, to issue the certificate to the auditor of said county demanded of said clerk by said relator.

There is no claim that there is any other state law or any ordinance of said city of Akron that would prevent relator from being entitled to said witness fees.

Said §3024 GC, was §1315 of the Revised Statutes of Ohio. Said section is substantially as it was originally enacted February 14, 1859 (56 O.L. 22). The only change that has been made was made in the General Code adopted in 1910, and as amended at that time it has remained until the present time.

We have been unable to find any case in which any court in Ohio has passed upon the question before us. However, we do find that the construction of said section has been presented to four different attorneys general of Ohio.

The first time was in April, 1906, when the then attorney general held that policemen were entitled to witness fees in a criminal case tried in Common Pleas Court. See Attorney General's Opinions for 1906, page 229.

The second time was in April, 1910, when it was held that a city policeman was entitled to witness fees not only in criminal cases tried in Common Pleas Court, but also when subpoenaed to testify before a grand jury. See Attorney General's Opinions for 1910, page 369.

The third time was in October, 1913, when the then attorney general not only approved and followed the above two opinions, but also added to the list the Probate Court. See 2 Attorney General's Opinions for 1913, page 1417.

The fourth time was in 1933, when the then attorney general concurred in the opinions of his predecessors. See 1 Attorney General's Opinions for 1933, page 132.

The legislature having enumerated only officers with limited jurisdiction, we are of the opinion that the phrase "or other officers having jurisdiction of such causes" is limited to "other officers" of the same class as those enumerated. We also believe it more probable that the legislature did not intend to include officers or tribunals of any other class than the ones mentioned, or it would have named them or at least used language more specific than that which it did use. It at least seems improbable that the legislature would enumerate only officers with limited jurisdiction, and not mention either the Court of Common Pleas, which is the court of general jurisdiction in Ohio, or the grand jury, which is in reality neither an officer nor a court, if the legislature had intended to include them as tribunals before which

police officers should not be entitled to witness fees.

Furthermore, in a number of states there are general laws or city ordinances regulating the right of public officers to be paid witness fees in civil or criminal cases or both. A police officer is usually held to be a "city officer" within the meaning of such laws and ordinances. We find decisions in a number of states pertaining to the right of such officers to be paid witness fees, and although that right is controlled almost entirely by the construction to be placed upon the law or ordinance under consideration, there seems to have been developed a generally recognized rule as to when such officers are entitled to witness fees and when they are not entitled to them.

See note following the case of Claflin v Bd. of County Commrs., 19 Ann. Cases 168.

See also 70 C. J., "Witnesses," §§72 and 73, p. 71, and 28 R. C. L., "Witnesses," §246, p. 662, and the notes under all said sections.

A careful consideration of the language used in §3024 GC, in the light of said general rule and the opinions of courts in other states construing the various laws or ordinances under consideration, together with the reasons given by the several attorneys general of Ohio for their opinions, leads us to the conclusion that said Headnote 2. §3024 GC does not prevent a policeman of the city of Akron from being entitled to fees as a witness when duly subpoenaed before a grand jury or in the trial of a criminal case in the Common Pleas Court, and that said attorneys general reached the right interpretation of said §3024 GC.

We therefore hold that relator is entitled to the relief prayed for, and a decree may be drawn accordingly.

STEVENS and WASHBURN, JJ, concur in judgment.